[Cite as *Wojnowski v. Ohio Dept. of Transp., Dist. 12*, 2010-Ohio-2183.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

VICKI WOJNOWSKI

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION, DIST. 12

     Defendant

     Case Nos.  2009-05889-AD
          2009-07423-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

{¶ 1}  Plaintiff, Vicki Wojnowski, filed this action against defendant, Department of Transportation (ODOT), alleging that her 2008 Nissan Altima was damaged while traveling through a construction zone on Interstate 271 in Cuyahoga County.  Plaintiff described the property damage incident noting that "[c]onstruction work on 271  S. has damaged my vehicle from rocks coming up (from) the torn up highway, [d]amaging my front hood, bumper (and) windshield."  Apparently, the particular roadway pavement section of Interstate 271 where plaintiff was traveling had been milled in preparation for repaving.  Plaintiff recalled the damage to her vehicle occurred at various times during May and June 2009.  Plaintiff submitted a repair estimate dated June 19, 2009 for her Nissan Altima with a total estimated repair cost of $1,045.18.  Plaintiff filed this complaint seeking to recover that amount asserting her property damage was proximately caused by negligence on the part of defendant in maintaining hazardous roadway conditions in a construction area.  The filing fee was paid.

**{¶ 2}** Plaintiff filed a second complaint which was assigned Claim No. 2009-07423-AD, concerning the same incident. The plaintiff also submitted another filing fee.

**{¶ 3}** Defendant acknowledged that the area where the described incident occurred was located within the limits of a construction project under the control of ODOT contractor, Karvo Paving Company. Defendant explained the "project dealt with grading, draining, planning, pavement repair and resurfacing with asphalt concrete" on Interstate 271 in Cuyahoga County, between mileposts 31.55 to 35.85. Defendant asserted Karvo, by contractual agreement, was responsible for any roadway damage occurrences or mishaps within the construction zone. Therefore, ODOT argued Karvo is the proper party defendant in this action. Defendant implied all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. All work by the contractor was to be performed in accordance with ODOT mandated specifications and requirements and subject to ODOT approval. Furthermore, ODOT personnel maintained an onsite presence performing work inspections.

**{¶ 4}** For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss

Case No. 2006-03532-AD          - 3 -          MEMORANDUM DECISION

and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's

contention that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work.  See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 6} Alternatively, defendant argued that neither ODOT nor Karvo had any knowledge of any stone debris on the roadway prior to plaintiff's described damage occurrence.  Defendant pointed out plaintiff did not provide a specific location where her stated vehicular damage occurred over the more than four mile distance covering the construction project area.   Defendant advised ODOT records show no calls or complaints were received at the ODOT Cuyahoga County Garage concerning a debris condition on Interstate 271 South prior to plaintiff's incident starting in May 2009.  The submitted ODOT records cover the time frame from November 1, 2008 to May 1, 2009. Plaintiff related her damage events occurred at various times during the months of May and June 2009.  Defendant contended plaintiff failed to produce evidence establishing that her property damage was attributable to any conduct on the part of either ODOT or Karvo.  Defendant asserted the evidence available points to the fact that the debris that damaged plaintiff's vehicle was displaced by an unidentified third party motorist and not by either ODOT or Karvo.

{¶ 7} Also, defendant submitted a letter from Karvo representative, Michael A. Totaro, regarding work performed and safety measures taken during construction operations.  Totaro provided the following narrative:

{¶ 8} "Karvo performs night operations only on this particular project and had no

Case No. 2006-03532-AD          - 5 -          MEMORANDUM DECISION

active zones or workers present at the time of the incident.  Karvo performed all its operations per ODOT plans and specifications and used the proper methods and means for its operations.  Karvo used the appropriate Traffic Control Procedures and complied with all proper Traffic Control Guidelines set forth by the OMUTCD (Ohio Manual of Uniform Traffic Control Devices) and in accordance with Sections 614.03, 614.04 and 614.07 of the Ohio Dept of Transportation Construction Material & Specifications Manual.

{¶ 9} "All zones and roadways are driven and inspected by Karvo and ODOT during all operations.  Karvo Traffic Control Supervisor, in addition to ODOT personnel travel the length of the project searching for any potential traffic hazards.  If the Traffic Control Supervisor or ODOT observes any issues within the zone or zones, Karvo corrects the situation immediately and prior to dismantling and opening the roadway to traffic."

{¶ 10} Apparently, neither Karvo nor ODOT discovered any problem with debris left on the roadway after milling operations were completed.

{¶ 11} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT

acted in a manner to render the highway free from unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from unreasonable risk of harm is the precise duty owed by ODOT to the traveling public both under normal traffic conditions and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462. Plaintiff has failed to prove the objects that damaged her car emanated from roadway milling operations conducted by Karvo.

{¶ 12} Evidence in the instant action tends to show plaintiff's damage was caused by acts of unidentified third parties, not ODOT or its agents. Defendant has denied liability based on the particular premise it had no duty to control the conduct of a third person except in cases where a special relationship exists between defendant and either plaintiff or the person whose conducts needs to be controlled. *Federal Steel & Wire Corp. v. Ruhlin Const. Co.* (1989), 45 Ohio St. 3d 171, 543 N.E. 2d 769. However, defendant may still bear liability if it can be established if some act or omission on the part of ODOT or its agents was the proximate cause of plaintiff's injury. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 13} "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the injury. It is sufficient that his act is likely to result

Case No. 2006-03532-AD       - 7 -       MEMORANDUM DECISION

in an injury to someone. *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 14}Generally, in order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff, in the instant claim, has alleged that the damage to her vehicle was directly caused by construction activity of ODOT's contractor at sometime prior to or during the months of May and June 2009. Plaintiff has failed to offer sufficient proof to establish that her property damage was caused by defendant or its agents breaching any duty of care in

regard to roadway construction.   Evidence available seems to point out that the complete milling process was performed properly under ODOT specifications.  Plaintiff has failed to prove that her damage was proximately caused by any negligent act or omission on the part of ODOT or its agents.  See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Vanderson v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-09961-AD, 2006-Ohio-7163; *Shiffler v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-07183-AD, 2008-Ohio-1600.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

VICKI WOJNOWSKI

        Plaintiff

        v.

Case No. 2006-03532-AD          - 9 -          MEMORANDUM DECISION

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 12

    Defendant

    Case Nos. 2009-05889-AD
           2009-07423-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Since Claim Nos. 2009-05889-AD and 2009-07423-AD concern the same incident, this determination will address both claims. Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk


Entry cc:


Vicki Wojnowski                      Jolene M. Molitoris, Director
38045 Erie Road                      Department of Transportation
Willoughby, Ohio  44094              1980 West Broad Street
                                     Columbus, Ohio  43222

DRB/laa
11/23
Filed 2/4/10
Sent to S.C. reporter 5/14/10